UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Cause No. |
| MICHAEL F. DISCH, ) | **2:12 -cr- 0 0 1 2 JMS-CMM** |
| Defendant. ) | |

**PLEA AGREEMENT**

The United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, and by Cynthia J. Ridgeway, Assistant United States Attorney, and the Defendant, MICHAEL F. DISCH, in person and by counsel, Michael J. Donahoe, hereby inform the Court that a Plea Agreement has been reached in this cause pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B) and the following are its terms and conditions:

1. MICHAEL F. DISCH agrees to plead guilty to Count One of the Information in the above-captioned cause which charges a violation of Title 18, United States Code, Section 876(c) (mailing threatening communications), punishable by a term of imprisonment of up to ten (10) years, a fine of up to $250,000, and a term of supervised release following any term of imprisonment of up to three (3) years.

2. The elements of the offense charged in Count One of the Information alleging a violation of 18 United States Code, Section 876(c) (mailing threatening communications) are:

>  FIRST: The defendant mailed (or caused to be delivered by the Postal Service according to the directions thereon) a communication addressed to any other person and containing a threat to injure a person;
>
> SECOND: The defendant acted knowingly and willfully; and
>
> THIRD: The recipient was a United States Judge, a federal law enforcement officer, or any officer or employee of the United States while such officer or employee is engaged in the performance of official duties.

## GENERAL PROVISIONS

3. MICHAEL F. DISCH understands that, should the Court accept this plea agreement, the Court will exercise its discretion to fashion a sentence within the statutory range set forth in Paragraph 1. MICHAEL F. DISCH agrees and understands that the Court, in determining the appropriate sentence within the statutory range, will calculate the applicable range under the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") and will consider the factors set forth in 18 U.S.C. §3553(a). MICHAEL F. DISCH agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature. MICHAEL F. DISCH agrees and understands that the final determination of the sentence, including the applicable advisory sentencing guideline calculation, the applicable

advisory sentencing guideline criminal history category, and advisory sentencing guideline range will be made by the Court.

4.  MICHAEL F. DISCH acknowledges that this plea agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B) and that the determination of his sentence is within the discretion of the Court. MICHAEL F. DISCH understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines that a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside the advisory sentencing guideline range for any reason, then MICHAEL F. DISCH will not be permitted to withdraw his plea of guilty for that reason and will be bound by his plea of guilty.

## WAIVER OF APPEAL

5.  MICHAEL F. DISCH understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right and in exchange for the concessions made by the United States in this Plea Agreement, as set forth in the sentencing stipulations, below, MICHAEL F. DISCH expressly waives his right to appeal on any ground his conviction of the offense charged in Count One of the Information. MICHAEL F. DISCH also expressly waives his right to contest or seek review of the sentence on appeal on any ground, including the right to appeal the sentence conferred by Title 18, United States Code, Section 3742. Additionally, MICHAEL F. DISCH expressly agrees not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any proceeding, including, but not limited to, an action brought under Title 28, United States Code, Section 2255. This waiver of appeal specifically includes all

3

provisions of the sentence imposed in this case, including the length and conditions of the supervised release and the amount of any restitution, fine or forfeiture.

## SPECIFIC PROVISIONS

6. The parties agree that the imposition of a fine in this case is left to the discretion of the Court.

7. MICHAEL F. DISCH acknowledges that a mandatory special assessment in the amount of $100.00 for each felony conviction will be assessed pursuant to Title 18, United States Code, Sections 3013, and agrees to pay a total of $100.00 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court.

8. MICHAEL F. DISCH agrees that as of the date of filing this plea agreement he will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and restitution imposed by the Court and authorizes the Financial Litigation Unit to obtain credit reports relating to MICHAEL F. DISCH for use in the collection of any fines and restitution imposed by the Court.

9. The parties agree that if any party to this Plea Agreement believes that another party is not abiding by the terms of this Plea Agreement, that party will request the Court to determine whether the terms of the Plea Agreement have been breached before any party or specified district takes unilateral action. In a proceeding to determine whether a breach has occurred, any disclosures, documents or other items provided to MICHAEL F. DISCH, if any, shall be admissible and the government may, in order to establish any breach by him, rely on any statements and evidence given by him. If the Court determines that MICHAEL F. DISCH has

breached the terms of this Plea Agreement, the obligations of the government in this Plea Agreement become null and void. If the obligations of the government become null and void, it is expressly agreed that:

    a. MICHAEL F. DISCH will not be permitted to withdraw his plea of guilty to the offense described above;

    b. Any and all additional charges against MICHAEL F. DISCH known to the government may be filed in the appropriate district, without regard to any restrictions set forth in this agreement; and

    c. The government may argue for a maximum sentence for the offense to which MICHAEL F. DISCH has pleaded guilty.

10. The terms of this agreement shall not be binding on the Office of the United States Attorney for the Southern District of Indiana nor upon the Defendant, MICHAEL F. DISCH, until signed by him, defense counsel, and by counsel for the government.

11. MICHAEL F. DISCH understands that the obligations of the government in this Plea Agreement are expressly contingent upon his abiding by federal and state laws.

12. MICHAEL F. DISCH acknowledges and agrees that nothing in this agreement shall protect him in any way from prosecution for any offense not specifically covered by this agreement or committed after the date of this agreement.

13. The government will not oppose a request by MICHAEL F. DISCH for specific placement within the Bureau of Prisons.

### SENTENCING GUIDELINES STIPULATIONS

14. Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.

    A.    The base offense level for mailing threatening communications in violation of 18 U.S.C. § 876(c), is a level 12, pursuant to U.S.S.G. § 2A6.1(a)(1).

    B.    Because the offense resulted in substantial disruption of public governmental, or business functions or services, the base offense level is increased by 4 levels. (U.S.S.G. § 2A6.1(b)(4))

    C.    Because MICHAEL F. DISCH is a Career Offender as defined in U.S.S.G. § 4B1.1(a), the base offense level is increased to a level 24. (U.S.S.G. § 4B1.1(a)(E))

## ACCEPTANCE OF RESPONSIBILITY

15. To date, MICHAEL F. DISCH has demonstrated a recognition and affirmative acceptance of responsibility for his criminal conduct. Based upon his willingness to accept a plea agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the government agrees that MICHAEL F. DISCH should receive a two (2) level reduction provided he satisfies the criteria set forth in Sentencing Guideline § 3E1.1(a) and (b) up to and including the time of sentencing. MICHAEL F. DISCH timely notified the government of his intention to enter a plea of guilty, thereby permitting the government and the court to allocate their resources efficiently. After MICHAEL F. DISCH enters a plea of guilty and contingent upon a continued

recognition and acceptance of responsibility, the government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present the evidence and arguments concerning MICHAEL F. DISCH acceptance of responsibility at the time of sentencing.

**FINAL PROVISION**

16. MICHAEL F. DISCH acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce him to plead guilty. This document is the complete and only plea agreement between MICHAEL F. DISCH and the United States Attorney for the Southern District of Indiana and supersedes all prior agreements or understandings, if any, whether written or oral. This plea agreement may only be modified by the parties either in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSEPH H. HOGSETT
UNITED STATES ATTORNEY

3/12/12
DATE

Cynthia J. Ridgeway
Assistant United States Attorney

_____
DATE

Sharon M. Jackson
Chief, National Security Unit

2-27-2012
DATE

_____
MICHAEL F. DISCH
Defendant

3/6/12
DATE

_____
Michael J. Donahoe
Attorney for Defendant

8

# STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within 10 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

Finally, my attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation officer, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two(2) level increase in the offense level.

2-27-2012
DATE

_____
MICHAEL F. DISCH
Defendant